# Third District Court of Appeal

## State of Florida

Opinion filed December 31, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1247
Lower Tribunal No. 12-14749
_____

**Christopher Neil Morlock,**
Appellant,

vs.

**Nationstar Mortgage, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Stratton Feinstein & Associates, P.A., and Douglas D. Stratton, for appellant.

Albertelli Law, for appellee.

Before ROTHENBERG, FERNANDEZ, and LOGUE, JJ.

ROTHENBERG, J.

Nationstar Mortgage, LLC ("Nationstar") filed a foreclosure action against

Christopher Neil Morlock ("Morlock") in 2012. Morlock responded by filing a pro se motion for an extension of time to file his answer, asserting that he needed additional time to retain counsel. Morlock then retained counsel and filed a motion to stay the proceedings based on his allegation that Nationstar had offered to modify his loan. However, without notice to Morlock or his counsel, Nationstar moved for the issuance of a default based on Morlock's alleged failure to file a responsive pleading, and the trial court granted that motion.

On November 22, 2013, Morlock filed a motion to vacate the judicial default and for leave to file a response, asserting that Nationstar improperly moved for a default without serving Morlock with the motion, citing to rule 1.500(b), Florida Rules of Civil Procedure, which provides: "When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter default against such party; **provided that if such party has filed or served any paper in the action, that party shall be served with notice of the application for default**." (emphasis added). Importantly, Morlock attached his answer and affirmative defenses to his November 22, 2013 motion to vacate the judicial default.

On December 27, 2013, while Morlock's motion to vacate the judicial default was pending, a senior judge entered a final default judgment of foreclosure

in favor of Nationstar. Thereafter, the trial court properly granted Morlock's pending motion to set aside the judicial default and ordered Morlock to file an answer within ten days even though he had already filed his answer and affirmative defenses on November 22, 2013. Morlock moved to vacate the final default judgment of foreclosure entered by the senior judge since the trial court had set aside the judicial default as improperly entered. Rather than granting Morlock's motion to vacate the final default judgment, the trial court entered an order vacating its previously-entered order setting aside the judicial default and denied Morlock's motion to vacate the final default judgment of foreclosure. This order resulted in the judicial default being reinstated and the final default judgment standing.

Morlock contends that the trial court abused its discretion by denying his motion to vacate the final default judgment of foreclosure and by vacating the previously-entered order setting aside the judicial default. We agree.

It appears that when the trial court denied Morlock's motion to vacate the final default judgment and reinstated its previously-entered order setting aside the judicial default, it was under the mistaken impression that Morlock had not filed a responsive pleading. However, the record clearly demonstrates that Morlock filed his answer and affirmative defenses not once, but twice: (1) on November 22, 2013, when he filed his motion to set aside the judicial default; and (2) on February

3

25, 2014, when he attached a copy of his answer and affirmative defenses to his emergency motion to cancel the foreclosure sale.

Because the record and the trial court's order do not provide a basis for the entry of a judicial default, we reverse the order under review and remand with directions to the trial court to reinstate its order setting aside the judicial default, vacate the final judgment of foreclosure, and cancel the certificate of title. We also direct the clerk of court to return the bid monies.

Reversed and remanded with instructions.